THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:  1:09CR27 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RYSHEEN SHARP, | ) | |
| | ) | (Resolves Doc. 42) |
| Defendant. | ) | |

This matter comes before the Court on a Motion to Suppress filed by Defendant, Rysheen Sharp (Doc 42).  Plaintiff, United States of America, timely responded to the Motion.  Upon review of the relevant filings and applicable law, Sharp's Motion to Suppress is DENIED.

On October 1, 2008, a magistrate judge issued warrants to search 4267 E. 131st Street, Cleveland, OH 44105 ("the upstairs unit") and 4269 E. 131st Street, Cleveland, OH 44105 ("the downstairs unit").  The application for the warrants was supported by an affidavit supplied by U.S. Secret Service Special Agent Stephanie Rosko.  The warrants were executed on the same they were signed by the magistrate judge.  The search of the residences resulted in the Government confiscating counterfeit currency and numerous other items related to counterfeiting.

On June 1, 2009, Sharp moved to suppress the items seized pursuant to the warrants.  The Government responded in opposition on June 8, 2009.  The Court now resolves Sharp's arguments.

Sharp's sole contention in his motion is that the affidavit did not demonstrate probable cause because it failed to establish that the confidential informant ("CI") was reliable. The Court finds no merit in this argument.

When reviewing this argument, the Court notes the following standard:

> The Fourth Amendment requires that a warrant must be supported by probable cause, i.e., a fair probability that contraband or evidence of a crime will be found in a particular place. The Supreme Court has held that the sufficiency of a warrant is analyzed using a totality-of-the-circumstances approach; the duty of a reviewing court is simply to ensure that the issuing magistrate had a substantial basis for concluding that probable cause existed. When a search warrant issues based on an informant's tip, that informant's veracity, reliability, and basis of knowledge are all highly relevant, but are not separate and independent requirements to be rigidly exacted in every case. In applying this totality-of-the-circumstances test, this court has held that where a known person, named to the magistrate, to whose reliability an officer attests with some detail, states that he has seen a particular crime and particular evidence, in the recent past, a neutral and detached magistrate may believe that evidence of a crime will be found.

*U.S. v. Higgins*, 557 F.3d 381, 389 (6th Cir. 2009) (citations, alterations, and quotations omitted). Further, the Court notes that "Sixth Circuit precedent clearly establishes that the affiant need only specify that the confidential informant has given accurate information in the past to qualify as reliable." *U.S. v. Greene*, 250 F.3d 471, 480 (6th Cir. 2001). This is true even if "the affidavit fails to indicate the specific interaction the confidential informant had with law enforcement officials[.]" *Id.*

In the affidavit at issue, Special Agent Rosko swore that the CI had "proven reliable in past dealing other law enforcement agencies[.]" Doc. 45-3 at 3. Accordingly, under Circuit precedent, the CI is deemed reliable. However, even if this Court were to require more to establish reliability, the affidavit provides more than ample corroboration of the CI's observations to find that the CI is reliable.

The CI informed agents that Sharp occasionally stayed with his girlfriend, Tanell Williams, at the downstairs unit.  The CI also informed agents that Fatima Flowers lived in the upstairs unit.  Both of these pieces of information were independently verified.  The CI also provided agents with an uncut sheet of counterfeit bills.  Agents believed the uncut sheet was created using an ink jet printer.  This observation provided corroboration of the CI's statement that the counterfeiting was being done using a desktop computer and printer.  In addition, the CI reported that on September 29, 2008, Flowers sold counterfeit notes to Tyrone Davis who left the apartment driving a green four door rental car.  On that same day, agents conducting surveillance identified Davis as a man visiting Flowers' apartment and noted that he left in a green, four-door Chevy Lumina.  The CI provided similar information about the counterfeiting conspiracy on September 30, 2008.  Agents conducting surveillance on that date similarly verified the CI's information.

Based upon the totality of the circumstances, there is no question that the affidavit created probable cause to support the issuance of the warrants.  The CI provided specific, detailed information about counterfeiting activities occurring in both the upstairs and downstairs units.  The CI had proven reliable in the past and a bulk of the supplied information herein was corroborated by special agents.  Accordingly, the Court finds no merit in Sharp's motion to suppress.

For the reasons set forth herein, Sharp's Motion to Suppress (Doc. 42) is DENIED.

IT IS SO ORDERED.

June 11, 2009  /s/ Judge John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT